UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
ELMER ROMERO, KEVIN OCHOA, and ALIRIO PEREIRA,
individually and on behalf of all others similarly situated,

                        Civil Action No. 20-cv-04378

                Plaintiffs,

              -against-

GYK DRYWALL, INC., CEIBA SERVICES LLC,
ALLSTATE INTERIORS, INC., and DANILO VALLE,

                Defendants.
-------------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF RENEWED MOTION FOR DEFAULT JUDGMENT

Attorneys for Plaintiffs

KATZ MELINGER PLLC
Adam Sackowitz
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile:  (212) 428-6811

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

    **I.  Defaulting Defendants are in Default** ......................................................................... 3

    **II.  The Court Should Grant a Default Judgment Against Defaulting Defendants Based on Plaintiffs' Claims for Unpaid Wages** ..................................................... 4

        A.  Plaintiffs Are Covered Employees Under the FLSA and NJWHL ................ 5

        B.  Plaintiffs Were Jointly Employed By Default Defendants ............................. 5

        C.  Plaintiffs Are Entitled to Recover Unpaid Wages Based on Their Recollection of Hours Worked ...................................................................... 7

        D.  Plaintiffs Are Entitled to Damages for Unpaid Wages For the Entirety of Their Respective Periods of Employment with Defendants ....................... 8

        E.  Plaintiffs Are Entitled to Liquidated Damages ............................................... 10

        F.  Plaintiffs Are Entitled to Prejudgment Interest ............................................... 11

        G.  Plaintiffs Are Entitled to Reasonable Attorneys' Fees ................................... 12

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Albanese v. Bergen County, N.J.*, 991 F.Supp. 410 (D.N.J. 1997) .................................................. 10
*Alvarez v. Millenium Tree Serv. & Landscaping Design, Inc.*, 2013 WL 5536193
   (D.N.J. Oct. 7, 2013) ................................................................................................................ 8
*Anderson v. Mt. Clemens Pottery Co.*, 348 U.S. 680 (1946) ......................................................... 7
*Anderson*, 348 U.S. at 686-87 ......................................................................................................... 7
*Baymont Franchise Sys., Inc. v. R S Hosp., LLC*, 2018 WL 3410031 (D.N.J. July 12, 2018) ....... 4
*Brock v. Claridge Hotel & Casino*, 846 F.2d 180 (3d Cir. 1988) ................................................. 10
*Calle v. Yoneles Enterprises, Inc.*, 2017 WL 6942652 (E.D.N.Y. Oct. 24, 2017),
   *report and recommendation adopted*, 2018 WL 401269 (E.D.N.Y. Jan. 12, 2018) ................. 11
*Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000) ............................................................... 3
*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142 (3d Cir. 1990) .............................................................. 4
*Crisostomo v. Exclusive Detailing, Inc.*, 2008 WL 11383727 (D.N.J. Oct. 31, 2008) ................... 5
*Crisostomo v. Exclusive Detailing, Inc.*, 2010 WL 2640183 (D.N.J. June 28, 2010) .................... 8
*DIRECTV, Inc. v. Pepe*, 431 F.3d 162 (3d Cir. 2005) .................................................................... 3
*Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120 (3d Cir. 1983) .............................................. 4
*Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408 (3d Cir. 2012) ........................ 6
*In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462 (3d Cir. 2012) ........ 6
*Iqbal v. Makf Enterprises Inc.*, 2016 WL 6275598 (D.N.J. Mar. 18, 2016) ................................. 12
*Kerns v. Logicworks Sys. Corp.*, 2015 WL 4548733 (D.N.J. July 28, 2015) ............................... 11
*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) ............................................................... 9
*Michelon v. FM Home Improvement, Inc.*, 2010 WL 3614209 (D.N.J. Sept. 8, 2010) ................. 5
*Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, 2018 WL 1027446 (D.N.J. Feb. 23, 2018) .. 4, 10
*Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869 (3d Cir. 2015) ........................................................ 5
*Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248 (D.N.J. Oct. 21, 2016) ....................... 8, 12
*Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59 (3d Cir. 1986) ......................................... 11
*Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985) ....................................................... 9
*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997) .. 4
*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) ................................. 3
*Villegas v. Monica Rest. Corp.*, 2013 WL 4046261 (E.D.N.Y. Aug. 8, 2013) ............................ 12

**Statutes**

29 U.S.C. § 203(d) ........................................................................................................................... 5
29 U.S.C. § 207(a) (1) ..................................................................................................................... 5
29 U.S.C. § 207(a)(1l) ..................................................................................................................... 8
29 U.S.C. § 211 ................................................................................................................................ 7
29 U.S.C. § 216(b) ................................................................................................................... 10, 12
29 U.S.C. § 255 ................................................................................................................................ 9

N.J.S.A. § 34:11–56a20 ......................................................................................................... 8
N.J.S.A. § 34:11-56a25 ....................................................................................................... 12
N.J.S.A. § 34:11-56a4 ........................................................................................................... 8
N.J.S.A. 34:11-56(a)(4) ........................................................................................................ 5

**Rules**

5 C.F.R. § 551.104 .............................................................................................................. 10
Fed. R. Civ. P. 12(a)(1)(A)(i) ............................................................................................... 3
Fed. R. Civ. P. 55(a) ............................................................................................................. 3
Fed. R. Civ. P. 55(b) ............................................................................................................. 3
New Jersey Court Rule 4:42-11 ......................................................................................... 12

## PRELIMINARY STATEMENT

Plaintiffs Elmer Romero ("Romero"), Kevin Ochoa ("Ochoa"), and Alirio Pereira ("Pereira") (collectively, "Plaintiffs") bring this action against their former employers, GYK Drywall, Inc. ("GYK"), Ceiba Services LLC ("Ceiba"), Danilo Valle ("Valle"), and Allstate Interiors, Inc. ("Allstate") (collectively, "Defendants") alleging that Defendants failed to pay Plaintiffs minimum and overtime wages as required under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"), and failed to timely pay Plaintiffs wages in violation of the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPA"). Romero and Ochoa also bring a claim of breach of contract against GYK, Ceiba, and Valle, while Plaintiffs further bring a claim against GYK and Ceiba for corporate combine.

GYK, Ceiba, and Valle (collectively, "Defaulting Defendants") failed to timely respond to Plaintiffs' Amended Complaint or otherwise appear in this action. Defaulting Defendants' time to answer or otherwise respond to the Amended Complaint has expired, and Defaulting Defendants are now in default. Accordingly, Plaintiffs are entitled to an entry of default and a default judgment against Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

## STATEMENT OF FACTS

The facts underlying the matter are set forth in the accompanying declarations and exhibits, and are only briefly summarized herein.[1]

Romero worked for Defendants as a laborer and driver from in or around February 2018 until in or around April 2019. Declaration of Elmer Romero ("Romero Decl.") ¶ 17. Ochoa worked for Defendants as a laborer and driver from on or around November 1, 2017 until on or around

---

[1] Romero and Ochoa also asserted claims for breach of contract against Valle which are omitted from this motion as the Court has already granted Romero and Ochoa a default judgment on said claims.

May 4, 2019. Declaration of Kevin Ochoa ("Ochoa Decl.") ¶ 16. Pereira worked for Defendants as a laborer from in or around March 2018 until in or around April 2019. Declaration of Alirio Pereira ("Pereira Decl.") ¶ 14.

Throughout their respective employments with Defendants, Plaintiffs routinely worked six (6) days per week for a total of more than forty (40) hours per week. Romero Decl. ¶¶ 20, 28, 33; Ochoa Decl. ¶¶ 19, 27, 32; Pereira Decl. ¶ 17. In exchange, Plaintiffs were compensated at fixed daily rates, regardless of the number of hours they worked, ranging from $130.00 to $170.00 per day. Romero Decl. ¶ 35; Ochoa Decl. ¶¶ 34-35; Pereira Decl. ¶ 20. As laborers and/or drivers, Plaintiffs were non-exempt employees under the FLSA and the NJWHL and were entitled to, but did not receive, overtime pay equal to one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

Plaintiffs commenced this action on April 16, 2020 by the filing of a Complaint. Declaration of Adam Sackowitz. ("Sackowitz Decl.") ¶ 4. On July 8, 2020, Plaintiffs filed an Amended Complaint. Sackowitz Decl. ¶ 5. Ceiba was duly served with process on July 20, 2020, while GYK and Valle were duly served with process on July 24, 2020. Sackowitz Decl. ¶¶ 6-8. Despite being duly served with process, Defaulting Defendants did not timely answer or otherwise respond to the Amended Complaint. Sackowitz Decl. ¶ 9. Moreover, Defaulting Defendants failed to appear in this action even after Plaintiffs' counsel sent Defaulting Defendants a letter, dated September 4, 2020, enclosing a copy of an Order Scheduling Conference and expressly advising Defaulting Defendants that their appearance at the conference was required. Sackowitz Decl. ¶ 15.

On October 2, 2020, Plaintiffs requested that a certificate of default be issued against Defaulting Defendants. Sackowitz Decl. ¶ 10. That same day, the Clerk issued an Entry of Default

as to Defaulting Defendants. *Id*. On January 22, 2021, Plaintiffs moved for a default judgment against Defaulting Defendants (the "Original Motion for Default"). Sackowitz Decl. ¶ 11. On August 26, 2021, the Court granted in part and denied in part the Original Motion for Default and directed Plaintiffs to file a renewed Motion for Default Judgment within thirty (30) days (the "Original Default Motion Order"). Sackowitz Decl. ¶ 12.

As Defaulting Defendants' time to answer or otherwise respond to the Amended Complaint has expired, and as the Clerk has issued an Entry of Default as to Defaulting Defendants, Plaintiffs now move for a default judgment against Defaulting Defendants.

**ARGUMENT**

**I.      Defaulting Defendants are in Default**

A defendant must serve an answer or responsive pleading within twenty-one (21) days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If the defendant fails to plead or otherwise defend against an action seeking judgment for affirmative relief, and that failure is shown by affidavit or otherwise, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). Upon the entry of a default, the plaintiff must apply to the Court for a default judgment unless the plaintiff's claim is for a sum certain. Fed. R. Civ. P. 55(b). When a defendant is in default, factual allegations in a complaint will be treated "as conceded by the defendant". *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

Courts consider three factors when evaluating a motion for default judgment: "(1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (internal quotations omitted) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). "Culpable conduct is dilatory

behavior that is willful or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983).

Here, Ceiba was duly served with process on July 20, 2020, and GYK and Valle were duly served with process on July 24, 2020, more than twenty-one (21) days prior to the date of this motion. Plaintiffs sought an Entry of Default as to Defaulting Defendants, which was issued by the Clerk on October 2, 2020. Therefore, Defaulting Defendants are in default pursuant to Fed. R. Civ. P. 55. Moreover, the three factors considered when granting a default judgment have been met, as: (1) Plaintiffs will be prejudiced if a default is denied as Plaintiffs will be unable to recover the overtime wages and related damages to which they are owed, (2) Defaulting Defendants have not put forth any facts or legal arguments to suggest that they have a litigable defense; and (3) Defaulting Defendants were duly served with process and otherwise notified about this lawsuit by Plaintiffs' counsel on multiple occasions, and are not infants, otherwise incompetent, or presently engaged in military service. *See Baymont Franchise Sys., Inc. v. R S Hosp., LLC*, 2018 WL 3410031, at *2 (D.N.J. July 12, 2018); *Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018). Thus, Plaintiffs are entitled to a default judgment against Defaulting Defendants based on the undisputed allegations in the Amended Complaint.

**II.    The Court Should Grant a Default Judgment Against Defaulting Defendants Based on Plaintiffs' Claims for Unpaid Wages**

On a motion for a default judgment, a court does not necessarily accept the amount of damages alleged in the Complaint as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the court may enter a default judgment without conducting a hearing upon a showing of specified damages by the plaintiff. *Baymont Franchise Sys., Inc.*, 2018 WL 3410031, at *2  (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

A. <u>Plaintiffs Are Covered Employees Under the FLSA and NJWHL</u>

Both the FLSA and the NJWHL require employers to provide non-exempt employees with overtime pay at a rate of one and one-half times the employee's regular rate of pay or the minimum wage, whichever is greater, for all hours worked over forty (40) per week. 29 U.S.C. § 207(a)(1); N.J.S.A. § 34:11-56(a)(4). An employee will be deemed non-exempt and entitled to overtime compensation unless the employer meets its burden of showing that an employee "plainly and unmistakably" falls within one or more exemptions to the FLSA and/or NJWHL. *Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869, 872 (3d Cir. 2015).

At all relevant times, Plaintiffs worked as laborers and/or drivers and were paid fixed daily rates for each day they worked. Both the nature of Plaintiffs' job duties and their daily rates of pay place them squarely within the protections of the FLSA and the NJWHL. *Michelon v. FM Home Improvement, Inc.*, 2010 WL 3614209, at *6 (D.N.J. Sept. 8, 2010) (certifying FLSA collective action for foremen and laborers); *Crisostomo v. Exclusive Detailing, Inc.*, 2008 WL 11383727, at *2 (D.N.J. Oct. 31, 2008) (certifying FLSA collective action of workers performing automotive detailing). Plaintiffs' allegations are also undisputed by Defaulting Defendants, and therefore Defaulting Defendants have failed to meet their burden to refute Plaintiffs' claims that they were non-exempt during their employment with Defendants.

B. <u>Plaintiffs Were Jointly Employed By Default Defendants</u>

At all relevant times, Plaintiffs were jointly employed by GYK, Ceiba, and Valle. The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To determine whether an entity or individual is an employer under the FLSA, courts look to the "economic reality" of the situation, analyzing the totality of the circumstances rather than "technical concepts of the employment

5

relationship." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 418 (3d Cir. 2012) (internal citations omitted).

As the Court noted in the Original Default Motion Order, in determining whether a joint employer relationship exists, an investigation into the "economic reality" of the situation involves an analysis of an alleged employer's "(1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like." *In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012). As the court in *In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig* noted, this list is "not exhaustive" and a court may conclude that other indicia of significant control may be "present to suggest that a given employer was a joint employer of an employee." *Id*.

Through the supplemented declarations submitted herewith, Plaintiffs provide specific sworn statements and documentary evidence that support their contention that the Default Defendants operated as joint employers of Plaintiffs.

Plaintiffs' declarations establish that they were each hired directly by Valle, who was typically present throughout Plaintiffs' workdays, gave Plaintiffs instructions regarding their work, and handed Plaintiffs their wages on paydays. Romero Decl. ¶¶ 6, 7, 21, 36; Ochoa Decl. ¶¶ 6, 7, 20, 36; Pereira Decl. ¶¶ 6, 7, 18, 21. Thus, Valle was clearly Plaintiffs' employer. GYK also operated as Plaintiffs' employer, as evidenced by the fact that Romero and Pereira were occasionally paid with GYK company checks and all three (3) Plaintiffs were required to travel to and perform work at 184 Redmond Street, New Brunswick, New Jersey 08901, which is listed as GYK's address in its Certification of Incorporation and is also, upon information and belief,

6

Valle's mother's residence. Sackowitz Decl. ¶ 25, Ex. 5; Romero Decl. ¶ 13; Ochoa Decl. ¶ 12; Pereira Decl. ¶ 10. GYK is also closely associated with Valle who, along with Chribigedy Bautista, believed to be Valle's secretary, is an officer and director of GYK. Sackowitz Decl. ¶ 25, Ex. 5; Romero Decl. ¶ 11. Defaulting Defendants' actions also demonstrate the close relationship between Ceiba and GYK as Plaintiffs' employers. When Ochoa requested an employment reference letter, Valle provided Ochoa with a letter confirming Ochoa's employment with Ceiba. Ochoa Decl. ¶ 10. However, when Romero asked for a similar reference letter, Ms. Bautista had to ask Valle whether the letter should be issued from GYK or Ceiba. Romero Decl. ¶ 10. Moreover, Ceiba is clearly associated with Valle, as the address on Ceiba's Certificate of Formation is 222 Bond Street, Elizabeth, New Jersey 07206, which is believed to be Valle's home address. Sackowitz Decl. ¶ 30, Ex. 6; Romero Decl. ¶ 15; Ochoa Decl. ¶ 14; Pereira Decl. ¶ 12.

Based on the foregoing, the totality of the circumstances of Plaintiffs' employment clearly demonstrates that Plaintiffs were jointly employed by GYK, Ceiba, and Valle.

### C. Plaintiffs Are Entitled to Recover Unpaid Wages Based on Their Recollection of Hours Worked

To prevail in an action for unpaid wages under the FLSA, an employee has the burden to show that he performed work for which he was improperly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 348 U.S. 680, 686-87 (1946). However, federal law requires the employer to maintain records of employees' wages, hours, and other conditions of employment. 29 U.S.C. § 211. If the records kept by the employer are inadequate, inaccurate, or absent altogether, an employee bringing claims under the FLSA can sustain his burden by giving the fact-finder "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 348 U.S. at 686-87. In this judicial district, an employee can sustain this "through estimates based on his own recollection." *Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248,

7

at *3 (D.N.J. Oct. 21, 2016); *see also Alvarez v. Millenium Tree Serv. & Landscaping Design, Inc.*, 2013 WL 5536193, at *3 (D.N.J. Oct. 7, 2013) (adopting plaintiffs' statements about unpaid wages, including the number of hours worked and the wages received, upon defendant's default).

The NJWHL also requires employers to maintain records for their employees. N.J.S.A. § 34:11–56a20 ("Every employer of employees subject to this act shall keep a true and accurate record of the hours worked and the wages paid by him to each[.]"). In fact, "because the NJWHL overtime compensation and record-keeping requirements are modeled after and nearly identical to their analogous Fair Labor Standards Act regulations, judicial interpretations construing FLSA are applicable." *Crisostomo v. Exclusive Detailing, Inc.*, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010).

In the instant matter, both the Amended Complaint and the Plaintiffs' declarations submitted herewith detail the approximate number of hours Plaintiffs worked each week and the compensation Plaintiffs received throughout their respective employments with Defendants. By defaulting, Defaulting Defendants concede the allegations in the Amended Complaint, and Plaintiffs have therefore met their burden under both the FLSA and the NJWHL to demonstrate the amount and extent of their work. As Defaulting Defendants have failed to put forth any evidence to rebut Plaintiffs' estimates as to their hours worked and rates of pay, a default judgment based on Plaintiffs' recollections as to their hours worked and rates of pay is appropriate.

    D.  <u>Plaintiffs Are Entitled to Damages for Unpaid Wages For the Entirety of Their Respective Periods of Employment with Defendants</u>

Under both the FLSA and NJWHL, non-exempt employees are entitled to overtime at a rate of one and one-half (1.5) times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1l); N.J.S.A. § 34:11-56a4. The NJWHL and FLSA require that an action be commenced within two years after the cause of action accrued. 29

8

U.S.C. § 255; N.J.S.A. § 34:11–56a25.1.[2] However, under the FLSA, a cause of action arising out of a "willful" violation may be commenced within three years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 128 (1988). To prove that an employer's conduct was willful, an employee must demonstrate that the employer knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA. *McLaughlin*, 486 U.S. at 133 (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)).

In the Amended Complaint, Plaintiffs alleged that Defendants' failure to pay Plaintiffs all wages to which they were owed was willful. Plaintiffs do not merely rely on conclusory allegations, but allege that Defendants blatantly ran afoul of the FLSA by, *inter alia*, failing to pay Plaintiffs overtime wages despite knowing that Plaintiffs routinely worked more than forty (40) hour per week, particularly Romero and Ochoa who worked in excess of seventy (70) hours per week throughout their employments. Specifically, Valle was aware that Plaintiffs routinely worked over forty (40) hours per week because he regularly met with Plaintiffs at the beginning and end of the workday and was often present at Plaintiffs' worksites throughout the workday. Romero Decl. ¶ 41; Ochoa Decl. ¶ 41; Pereira Decl. ¶ 25. Additionally, Romero complained directly to Valle on several occasions about not being paid overtime, to which Valle responded that he does not pay employees overtime wages for construction work. Romero Decl. ¶ 42. Ochoa also complained to Valle that he was not being paid enough based on the number of hours he was working, but Valle merely replied that the amount of Ochoa's wages was what Valle was willing to pay for his services. Ochoa Decl. ¶ 42. Moreover, Defaulting Defendants failed to pay Romero and Ochoa any compensation for their final three (3) days of work and failed to pay Pereira any

---

[2] Although an August 6, 2019 amendment to the NJWHL extended the statute of limitations to six years, as the Court noted in the Original Default Order, courts have generally determined that the 2019 NJWHL amendments do not apply retroactively. Thus, Plaintiffs do not seek to apply a six-year statute of limitations to their NJWHL claims.

9

compensation for his final eleven (11) days of work, which is an unequivocally willful violation of federal and state wage laws. Ochoa Decl. ¶ 51; Pereira Decl. ¶ 22.

Based on the foregoing, Defendants have demonstrated knowledge or reckless disregard of their violations of the FLSA, entitling Plaintiffs to a three-year statute of limitations under the FLSA. *Albanese v. Bergen County, N.J.*, 991 F.Supp. 410, 425 (D.N.J. 1997) (finding that a willful violation occurs when an employer is "'evidently indifferent' to the FLSA's requirements."); 5 C.F.R. § 551.104 (an employer shows "[r]eckless disregard [for] the requirements of the Act [when he] fail[s] to make adequate inquiry into whether conduct is in compliance with the [FLSA].")

Based on the allegations in the Plaintiffs' declarations submitted herewith, and the calculations presented in the Declaration of Adam Sackowitz submitted herewith, Plaintiffs allege that they are owed damages for unpaid wages as follows:

| Plaintiff | Unpaid Regular Wages | Unpaid Overtime | Total |
| --- | --- | --- | --- |
| Elmer Romero | $450.00 | $13,020.03 | $13,470.03 |
| Kevin Ochoa | $510.00 | $16,175.89 | $16,685.89 |
| Alirio Pereira | $1,430.00 | $3,967.44 | $5,397.44 |

E. <u>Plaintiffs Are Entitled to Liquidated Damages</u>

Employees who prevail under the FLSA may be entitled to an award of liquidated damages equal to the amount of their unpaid wages. 29 U.S.C. § 216(b). Liquidated damages are the norm and are awarded unless the employer can show that its actions were, "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA. *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988). Where a defendant has "failed to appear, and has not presented any evidence regarding good faith, a court should award liquidated damages to the plaintiff." *See Qu Wang*, 2018 WL 1027446, at *5. Employees who prevail on claims for unpaid minimum or overtime wages may also be entitled to liquidated damages under the NJWHL unless the non-payment of wages was an inadvertent error made in

10

good faith and the employer had reasonable grounds for believing that failing to pay the wages was not a violation. N.J.S.A. 34:11-56a25.[3]

Here, not only have Defaulting Defendants failed to demonstrate that their violations of the FLSA and NJWHL were in good faith, but Plaintiffs have specifically alleged that Defendants' conduct was intentional and willful. As a result, Plaintiffs are entitled to liquidated damages under the FLSA and the NJWHL equal to 100% of all unpaid wages.[4]

F.  Plaintiffs Are Entitled to Prejudgment Interest

In federal question cases, the decisions of whether or not to award prejudgment interest, and which rate of interest to use, are committed to the discretion of the district court. *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986). This Court has found that it can "look to New Jersey Court Rule 4:42–11 for guidance as to the appropriate prejudgment interest rate," but that it is merely a guidepost, and that ultimately, principles of equity are paramount. *Kerns v. Logicworks Sys. Corp.*, 2015 WL 4548733, at *2 (D.N.J. July 28, 2015). Similarly, this Court has also held that it is within its discretion to determine the date on which prejudgment interest began to accrue. *Id.* at 3. While there is limited case law in this District regarding the date on which prejudgment interest begins to accrue in unpaid wage cases, courts in other districts have calculated prejudgment interest from the midpoint of the plaintiff's employment term. *Calle v. Yoneles Enterprises, Inc.*, 2017 WL 6942652, at *18 (E.D.N.Y. Oct. 24, 2017), *report and recommendation adopted*, 2018 WL 401269 (E.D.N.Y. Jan. 12, 2018) (approving the midpoint date proposed by plaintiff as the date on which to begin calculating prejudgment interest); *Villegas*

---

[3] Although the 2019 amendment to the NJWHL increased liquidated damages to 200% of unpaid wages, because courts have generally determined that these amendments do not apply retroactively, Plaintiffs are not seeking liquidated damages in the amount of 200%.
[4] Should the Court award Plaintiffs liquidated damages under the FLSA, Plaintiffs understand that they are not entitled to and do not seek an additional award of liquidated damages under the NJWHL.

11

*v. Monica Rest. Corp.*, 2013 WL 4046261, at *4 (E.D.N.Y. Aug. 8, 2013) (awarding plaintiff prejudgment interest on unpaid wages from the midpoint date of the plaintiff's employment period).

Based on the above considerations, Plaintiffs should be awarded prejudgment interest on all unpaid wages at a rate according to New Jersey Court Rule 4:42-11, calculated from the midpoint date of Plaintiff's employment with Defendants. As described *supra*, Plaintiffs estimate that they are entitled to damages for unpaid wages in the total amount of $35,748.26. Based on their respective periods of employment, the midpoint date of Plaintiffs' employments are: for Romero, September 15, 2018; for Ochoa, August 2, 2018; and for Pereira, September 29, 2018. Therefore, prejudgment interest should be calculated from the aforementioned dates through the date on which a judgment is entered in this matter for each of the Plaintiffs based on their respective unpaid wage damages.

G. <u>Plaintiffs Are Entitled to Reasonable Attorneys' Fees</u>

Both the FLSA and NJWHL provide for an award of reasonable attorneys' fees should the plaintiff prevail in an action to recover unpaid wages. 29 U.S.C. § 216(b); N.J.S.A. § 34:11-56a25. Although courts retain considerable discretion in setting an attorney's reasonable hourly rate, courts in this district have determined that $275.00 to $450.00 per hour is generally appropriate for experienced attorneys in FLSA cases. *Iqbal v. Makf Enterprises Inc.*, 2016 WL 6275598, at *3 (D.N.J. Mar. 18, 2016) (awarding $275.00 and $350.00 per hour to two attorneys in an FLSA default judgment case); *Santiago*, 2016 WL 6138248, at *4 (declaring hourly rates of $375.00 and $450.00 to be reasonable for experienced attorneys).

Should the Court grant Plaintiffs' request for a default judgment against Defaulting Defendants, Plaintiffs respectfully request that the Court issue an award of attorneys' fees to

Plaintiffs based on the time expended by Plaintiffs' counsel as described in the Sackowitz Decl. submitted herewith and the attorney time records attached thereto as Exhibit 8.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment should be granted in its entirety, and judgment should be entered in favor of Plaintiffs and against Defaulting Defendants for the relief requested in the Notice of Motion.

Dated: New York, New York
September 27, 2021

*/s/ Adam Sackowitz*
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
t: (212) 460-0047
f: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiffs*
